UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.,

        Plaintiff-Appellant,

    v.                                                                  Case No. 12-C-846

MARCELINO M. WITTMAN and
MICHELLE M. WITTMAN,

        Defendants-Appellees.

**DECISION AND ORDER**

        The Appellees, Marcelino and Michelle Wittman (the Debtors) filed a petition for Chapter 13 bankruptcy on February 27, 2010. The Wittmans filed their Chapter 13 Plan that same day. On March 29 and December 6, 2010, Appellant, Bank of New York Mellon Trust Company, N.A. (BONY), filed its proof of claims (the Claims), both of which were secured by a mortgage granted by the Wittmans against their homestead. The Wittmans objected to BONY's Claims pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure on the grounds that the legal description in the mortgage held by BONY contained the wrong lot number for the property and it was therefore void as to the Trustee pursuant to 11 U.S.C. § 544(a)(3). BONY responded that the Wittmans lacked standing to assert the Trustee's avoidance powers and that such relief was available only through commencement of an adversary proceeding under Rule 7001. BONY also argued that the Wittmans' objections were substantively without merit.

        In a decision dated July 9, 2012, the bankruptcy court sustained the Debtors' objections to BONY's proofs of claims. The effect of the bankruptcy court's order is that BONY is now in the

status of a general unsecured creditor. BONY raises two issues on appeal: whether the Debtors' objection was procedurally defective under the Federal Rules of Bankruptcy Procedure and whether the bankruptcy court erred in its application of Wisconsin law. For the following reasons, the decision of the bankruptcy court is reversed.

**BACKGROUND**

In June 1987, the Wittmans acquired by warranty deed real property located at 1735 E. Moon Beam Trail in Appleton, Wisconsin. The legal description of the property is "Lot Twenty-six (26), GRACE-GORDON ESTATES, City of Appleton, Calumet County, Wisconsin." The Wittmans continued to own and reside at the property on the date they filed their chapter 13 petition.

The Debtors granted various mortgages to secure separate loans on the property over the years. On October 9, 2003, the Wittmans obtained a loan with Metro Center Mortgage, Inc., to refinance their obligations secured by two previous mortgages. The new loan was in the form of a $140,000 Note with an adjustable interest rate and was secured with a mortgage (the Mortgage) granted by the Wittmans to Mortgage Electronic Systems, Inc. (MERS), as nominee for Metro Center Mortgage. The Mortgage was recorded with the Calumet County Register of Deeds on October 15, 2003. Ultimately, MERS assigned the Mortgage to BONY on March 16, 2010. The assignment of the Mortgage was recorded in the Calumet County Register of Deeds on March 19, 2010.

The Mortgage correctly identified the Wittmans, the property address, and tax identification number; however, it did not contain the correct legal description. Rather than identifying Lot 26, the Mortgage identified "Lot Twenty-seven (27), GRACE-GORDON ESTATES, City of Appleton,

2

Calumet County, Wisconsin." Thus, the legal description identifies the lot immediately adjacent to the Wittmans' property. The Calumet County Register of Deeds uses both a tract index and a grantor/grantee index. Due to the incorrect legal description, a search under Lot 26 in the tract index would not identify the Mortgage in the chain of title. However, a search in the grantor/grantee index would have identified the Mortgage which contained the correct street address and tax identification number.

In sustaining the Debtors' objections, the bankruptcy court first overruled BONY's procedural objections. On the question of standing, the court noted that the Trustee had joined the debtor's objections and consented to the debtors' use of his avoidance powers, thereby rendering that issue moot. And while the court acknowledged that parties seeking to avoid a mortgage were required to do so through an adversary proceeding, it noted that the debtors had agreed to file an adversary proceeding to determine the validity and extent of the lien if their objections to the claims were sustained. Finding that the parties agreed to the procedural requirements, the court proceeded to the merits and concluded that the Trustee's status under § 544(a)(3) as a bona fide purchaser would allow the Trustee to avoid BONY's mortgage for the benefit of the unsecured creditors.

## LEGAL STANDARD

Federal district courts have jurisdiction to hear appeals of bankruptcy court orders under 28 U.S.C. § 158(a). A bankruptcy judge's "[f]actual findings are reviewed for clear error; [and] legal conclusions are reviewed de novo." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007); *accord In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998); *Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir. 1994). "A finding is 'clearly erroneous' when although there is

3

Case 1:12-cv-00846-WCG   Filed 01/16/13   Page 3 of 15   Document 6

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009) (quoting *United States v. U .S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## ANALYSIS

BONY is correct in its contention that the Wittmans, as debtors, lack standing to avoid the mortgage BONY holds on their property under 11 U.S.C. § 544(a)(3). But as the bankruptcy court noted, this defect was cured when the Trustee joined in the objection and consented to the debtor's use of his avoidance powers.

BONY is also correct in its contention that an objection to a claim cannot be used to avoid a lien. Rule 7001 of the Federal Rules of Bankruptcy Procedure states that an adversary proceeding is required "to determine the validity, priority, or extent of a lien or other interest in property." And Rule 3007(b) prohibits a party in interest from "includ[ing] a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim . . . ." Given the clear language of these rules, it seems strange that neither the Wittmans nor the Trustee filed an adversary proceeding with the objections, as the rules allow. But even this defect does not seem fatal to their position as most courts have rejected as formalistic the rule that a bankruptcy court may not consider an improperly filed objection. *In re Food Management Group, LLC*, Slip Copy, 2012 WL 6644641, *6 (S.D.N.Y., Dec. 19, 2012). As the following citations taken from *In re Food Management* demonstrates, where the rights of the affected parties have been adequately presented so that no prejudice has arisen, courts tend not to elevate form over substance and generally allow the matter to proceed on the merits as originally filed. *In re R.F. Cunningham & Co., Inc.*, 355 B.R. 408, 416 n. 1 (Bankr.

4

E.D.N.Y. 2006); *see also Trust Corp. of Mt. v. Patterson* ( In re Copper King Inn, Inc.), 918 F.2d 1404, 1406–07 (9th Cir.1990) (finding that a trustee's failure to file an adversarial proceeding to attack a lien was not fatal because "for all practical purposes an adversarial proceeding was held in this case," and because the claimant "ha[d] not shown its position was materially prejudiced by the course of events"); *In re Gronczewski*, 444 B.R. 526, 529 n. 2 (Bankr. E.D. Pa.2011) (finding any procedural objection waived where, inter alia, there was "no prejudice to the Respondents in having this dispute litigated as a contested matter rather than as an adversary proceeding"); *In re Metiom, Inc.*, 301 B.R. 634, 639–40 (Bankr.S.D.N.Y.2003) (finding that no prejudice would result from construing a claim objection as a complaint in an adversarial proceeding and following procedural requirements for adversarial proceedings); *In re Command Servs. Corp.*, 102 B.R. 905, 908 (Bankr. N.D.N.Y.1989) (same). Finding no prejudice to BONY here, the court will proceed to the merits.

The Trustee has authority to avoid liens under 11 U.S.C. § 544(a)(3), which provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–

\* \* \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

This section grants to the Trustee whatever rights a hypothetical bona fide purchaser of the Debtors' property would have on the date of bankruptcy under the applicable law. In this case, the applicable law is the law of Wisconsin. *In re Delta Group*, 336 B.R. 405, 407 (E.D. Wis. 2004).

5

Under Wisconsin law, "every conveyance that is not recorded as provided by law shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate or any portion of the same real estate whose conveyance is recorded first." Wis. Stat. § 706.08(1)(a). "Purchasers in good faith are purchasers without notice of existing rights in the land." *Bump v. Dahl*, 26 Wis. 2d 607, 613, 133 N.W.2d 295 (1965). Without notice means without knowledge, actual or constructive, of another party's interest in the property. *Id.* In other words, a purchaser is bound by not only his actual knowledge of other claims to the property, but also by what he should have known:

> "Constructive notice is based . . . upon the assumption that the person affected with such notice should as a reasonably prudent person have acquired knowledge sufficient to give him 'actual notice.' In other words in the case of the subsequent purchasers the law has imposed upon them a certain standard of care which they must at their peril observe."

*Kordecki v. Rizzo*, 106 Wis.2d 713, 720-21, 317 N.W.2d 479 (1982) (quoting Rundell, Recording of Deeds in Wisconsin, 1 Wis. L. Rev. 340, 353 (1920-22)).

Wisconsin courts have identified three sources of information that a purchaser acting in good faith should consult to learn of rights to the land he is about to purchase:

> (1) The records in the office of the register of deeds where the basic rights involved are recorded; (2) other public records to discover rights which usually are not recorded in the office of the register of deeds, i. e., judgments and liens; and (3) the land itself, to discover by observation the lights which arise outside of the recording system by virtue of possession or use.

*Bump*, at 614-15. Here, BONY's argument that a purchaser of the Wittmans' property would have had at least constructive notice of the Mortgage is based upon the records in the office of the register of deeds.

6

In Wisconsin, a purchaser is conclusively presumed to have knowledge of every conveyance of property that is properly recorded, whether or not the purchaser examines the record. *Id.* at 614. The public record of conveyances in real estate is maintained in Wisconsin by the register of deeds of each county in the state. Wis. Stat. § 59.43(1)(a). Each register of deeds is required to maintain a grantor/grantee index that is searchable by the name of the grantor, the grantee, or the document number or volume and page where the instrument is recorded. Wis. Stat. 59.43(9)(a). The county board may also enact an ordinance to require the register of deeds to keep a tract index. A tract index is arranged so that:

> records containing valid descriptions of land may be searched by all of the following:
>
>> 1. Quarter-sections of land or government lots within the county, the boundaries of which refer to the public land survey system or a recorded private claim, as defined in s. 236.02(9m).
>>
>> 2. Recorded and filed certified survey map and lot or outlot number.
>>
>> 3. Recorded and filed plat, by name and lot, block, outlot or unit within the plat, according to the description of the land.

Wis. Stat. § 59.43(12m)(a).

The Calumet County Register of Deeds, where the Mortgage was recorded, has both a grantor/grantee index and a tract index. Because the Mortgage contained the wrong legal description of the property, a search of the tract index would not have disclosed BONY's interest in the Wittmans' property. But a search of the grantor/grantee index, BONY contends, would have disclosed it. Indeed, an earlier search by an abstract and title company had disclosed the Mortgage as an encumbrance on the Property despite the incorrect legal description. The company's 2005 report reads:

7

> Mortgage from Marcelino M. Wittman, and Michelle M. Wittman, husband and wife to Mortgage Electronic Registration Systems, Inc. "MERS", a Delaware Corporation, solely as nominee for Metro Center Mortgage, Inc., in the originally stated amount of $140,000, dated October 9, 2003 and recorded in the office of the Register of Deeds for Calumet County, Wisconsin on October 15, 2003 at 2:33 p.m., as Document No. 368285. (The previously described mortgage has a legal of Lot 27, Grace-Gordon Estates. However, the tax key no. and address are for the subject premises. We find that Wittman's have no interest of record in Lot 27.)

(ECF No. 1-1, at 104.) BONY also submitted to the bankruptcy court a declaration by a title examiner and searcher for the same abstract and title company who states that based on her experience it is common practice for title companies performing title searches in Calumet County to search both the grantor/grantee index and the tract index for documents affecting title to land. "Searching both indices serves as a necessary cross-check to ensure that the searcher discovers and verifies all relevant and pertinent recorded documents." (WIEB Decl. of Christine deCoster, ¶ 5; Dkt. No. 1-1 at 97.)

From these facts, BONY argues that neither the Trustee, nor the Wittmans' standing in the shoes of Trustee, could avoid the Mortgage under § 544(a)(3). Because the Mortgage was properly recorded in the grantor/grantee index, a reasonable search of the records maintained by the Calumet County Register of Deeds would have disclosed its existence and extent. Thus, a conclusive presumption arises that the Trustee, as a hypothetical bona fide purchaser, would have known of the Mortgage. The bankruptcy court's contrary conclusion, BONY argues, was error.

The bankruptcy court concluded the outcome of the case depended on which records in the office of the register in deeds a bona fide purchaser was required to consult in order to retain his or her status as a bona fide purchaser. (WIEB Decision at 9, ECF No. 1-1 at 147.) Based on its analysis of the relevant Wisconsin statutes, the court concluded that a search of the tract index was sufficient.

8

In reaching its conclusion, the bankruptcy court first relied on section 706.08(2) of the Wisconsin Statutes, which provides:

> Where a public tract index or abstract of title index is maintained, an instrument properly indexed therein and recorded at length at the place there shown shall be deemed to be duly recorded for purposes of this section, despite any error or omission in the process of including the instrument, or prior instruments in the same chain of title, in other records. *Where an instrument is not properly indexed in such tract or abstract of title index, or where such index is not publicly maintained, the instrument shall be deemed to be duly recorded only if the instrument, together with prior instruments necessary to trace title by use of alphabetical indexes by names of parties, are properly indexed in such alphabetical indexes, and recorded at length at the places there shown.* Wherever an instrument is duly recorded hereunder, its record shall be effective as of the date and hour at which it is shown by the general index to have been accepted for record.

Wis. Stat. § 706.08(2) (italics added).

By its terms, the italicized language states that when an instrument is not properly indexed, or in counties that do not maintain a tract index, the instrument nevertheless is deemed duly recorded if along with prior instruments needed to trace title, it is properly indexed and recorded at length in the grantor/grantee index. Here, of course, the Mortgage was properly indexed and recorded at length in the grantor/grantee index. But the bankruptcy court apparently concluded this was not relevant because the Mortgage had also been indexed in the tract index. Although the Mortgage contained the wrong lot number in the legal description of the property, the bankruptcy court concluded that it was nevertheless properly indexed within the meaning of this section because it was indexed under the tract it mistakenly described: "Here, the document was properly indexed; it was just indexed as to the wrong party." (WIEB Decision at 8.) And because it concluded that the Mortgage was properly indexed in the tract index, the court apparently concluded the remaining language of the section did not apply.

9

The bankruptcy court then turned to Section 706.09 of the Statutes entitled "Notice of conveyance from the record." Under that section, a purchaser of real estate without notice for valuable consideration takes free of any adverse claim that is dependent upon:

> (b) Conveyance outside chain of title not identified by definite reference. Any conveyance, transaction or event not appearing of record in the chain of title to the real estate affected, unless such conveyance, transaction or event is identified by definite reference in an instrument of record in such chain. No reference shall be definite which fails to specify, by direct reference to a particular place in the public land record, or, by positive statement, the nature and scope of the prior outstanding interest created or affected by such conveyance, transaction or event, the identity of the original or subsequent owner or holder of such interest, the real estate affected, and the approximate date of such conveyance, transaction or event.

Wis. Stat. § 706.09(1)(b). A purchaser is deemed to have notice of a prior interest when "[t]here appears of record in the chain of title of the real estate affected, within 30 years and prior to the time at which the interest of such purchaser arises in law or equity, an instrument affording affirmative and express notice of such prior outstanding interest conforming to the requirements of sub. 1(b)." Wis. Stat. § 706.09(2)(b). The term "chain of title," as defined by the statute, includes:

> instruments, actions and proceedings discoverable by reasonable search of the public records and indexes affecting real estate in the offices of the register of deeds and in probate and of clerks of courts of the counties in which the real estate is located; a tract index shall be deemed an index where the same is publicly maintained.

Wis. Stat. § 706.09(4).

Applying these provisions, the bankruptcy court concluded that because of the mistaken legal description of the property, a bona fide purchaser would take title free of the Mortgage. Noting that the statutory definition of "chain of title" specifically referenced only the "tract index," the bankruptcy court apparently concluded that the Mortgage was not in the chain of title since it would not have been discovered using the tract index alone. Relying on *Associates Financial*

10

*Services Co. of Wisconsin, Inc., v. Brown*, 2002 WI App 300, 258 Wis. 2d 915, 656 N.W.2d 56 (Ct. App. 2002), the bankruptcy court concluded that a bona fide purchaser had no obligation to go beyond the tract index. It therefore concluded that the Debtors, representing the interests of the Trustee, could avoid BONY's Mortgage.

This Court respectfully disagrees with the conclusion of bankruptcy court. In this Court's view, a purchaser of real estate in Wisconsin must search both the grantor/grantee index and, where one exists, the tract index in order to be considered bona fide and without notice. This follows from the fact that the grantor/grantee index is the only index mandated by statute. It is also seems more reasonable to look to the grantor/grantee index since one who gives money to another in return for an interest in property is primarily concerned with whether the person to whom he is giving the money has an interest in the property he is conveying. As the Wisconsin Supreme Court recognized more than one hundred years ago:

> The manifest purpose of requiring the names of the grantors to be thus entered in the general index in alphabetical order was to enable persons interested in the title to the land to ascertain by an inspection thereof whether the owner had parted with or been deprived of the title thereof. The name of the owner would be generally known, or could be easily ascertained, and then whether he had transferred or encumbered his title could be readily determined by an inspection of such index when properly kept.

*Hiles v. Atlee*, 80 Wis. 219, 221, 49 N.W. 816 (1891); *see also* Note, *Merchantability of Title*, 1968 Wis. L. Rev. 937, 938 n.5 (1968) ("The records examined are the grantor-grantee index and tract index where maintained, and any other public records where relevant information may be found (e.g., lien dockets and probate."). This conclusion is also more consistent with and supported by Wisconsin's recording statutes.

Section 706.08(2), for example, expressly provides that when an instrument is not properly indexed in the tract index, or when a tract index is not maintained, the instrument is nevertheless

11

deemed duly recorded "if the instrument, together with prior instruments necessary to trace title by use of alphabetical indexes by names of parties, are properly indexed in such alphabetical indexes, and recorded at length at the places there shown." In effect, the statute acknowledges that the tract index, if there is one, can be wrong. The register of deeds could, for example, misfile a deed in the tract index, or perhaps forget to file it there altogether. If that occurred, the instrument would not be considered properly indexed or recorded in the tract index. The statute provides, however, that as long as the deed was properly indexed in the grantor/grantee index, then it is deemed duly recorded, notwithstanding the failure to properly include it in the tract index. In light of this provision, it seems to follow that a proper search would require one to check both the tract and the grantor/grantee index.

Section 706.05(7) likewise anticipates that instruments recorded with the register of deeds will contain errors or otherwise fail to meet the requirements for recording, but preserves their validity. It provides:

> Every instrument which the register of deeds shall accept for record shall be deemed duly recorded despite its failure to conform to one or more of the requirements of this section, provided the instrument is properly indexed in a public index maintained in the office of such register of deeds and recorded at length at the place there shown.

Wis. Stat. § 706.05(7). That this subsection requires only that the instrument be properly indexed in "a public index maintained in the office of the register of deeds" in order to be considered duly recorded is inconsistent with the conclusion that an error that affects only the tract index is fatal.

Finally, the language of Section 706.09 also supports the conclusion that a search of the tract index is not sufficient for a purchaser to be considered in good faith and without notice. That section denies priority to an earlier conveyance which does not appear "of record in the chain of title

12

to the real estate affected." Wis. Stat. § 706.09(1)(b). As noted above, the term "chain of title" includes "instruments . . . discoverable by a reasonable search of the public records and indexes affecting real estate in the office of the register of deeds . . . ." Wis. Stat. § 706.09(4). That the subsection specifically notes that "a tract index shall be deemed an index where the same is publicly maintained" cannot be reasonably read as excluding other indexes maintained by the register of deeds, especially the grantor/grantee index which all registers of deeds are required to maintain. The court therefore concludes that a bona fide purchaser must search the grantor/grantee index, as well as the tract index.

Although *Associated Financial Services* may appear contrary, the issue was not clearly presented there and, in any event, the case is distinguishable. Indeed, the Court of Appeals noted that the claimants had inadequately briefed several issues and waived another. 2002 WI App 300 at ¶ 4 n.3. The only index discussed in the case is the tract index, and the adverse claimant conceded that they had failed to record their quitclaim deed as required by law. *Id.* at ¶ 10. The adverse claimants also conceded that the mortgage company had taken its mortgage in good faith and for value and that a search of the index system would not have shown their quitclaim deed in the chain of title. *Id.* at ¶ 11. The issue addressed by the court was whether the mortgage company had a duty to also search a separate "computer system" at the register of deeds office. The court held that it did not: "Wisconsin Stat. § 706.09(2)(b) does not require purchasers for value to see if there is some way, in the absence of a proper recording, that an interest could possibly be discovered." *Id.* at ¶ 14. Here, by contrast, the Mortgage was properly recorded in the grantor/grantee index.

The question remains, however, whether the Mortgage, even though in the Wittmans' chain of title, was sufficient to provide constructive notice of a prior claim to the Wittmans' property,

13

notwithstanding the fact that it gave the wrong lot number. The answer to that question depends on how carefully a purchaser is expected to examine instruments recorded under the grantor's name. In Wisconsin, "a conclusive presumption arises that a purchaser knows every conveyance of property recorded which affects the title to the property, whether or not the purchaser examines the public records." *Bump*, 26 Wis. 2d at 615; *see also Kordecki*, 106 Wis. 2d at 719 ("[A]s a purchaser in good faith, Kordecki is deemed to have examined the record and to have notice of the contents of all instruments in the chain of title and of the contents of instruments referred to in an instrument in the chain of title."); *In re Thulis*, 474 B.R. 668, 676 (Bankr. W.D. Wis. 2012) ("The doctrine of constructive notice is not intended as a substitute for recording (or for recording properly). Instead, it reflects the idea that a purchaser cannot turn a blind eye to things revealed by a simple inspection of the public records or the property itself."); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1022 (7th Cir. 1990) (noting that the "affirmative and express notice" language of Wis. Stat. § 706.09(2)(b) "has been held not to extinguish the traditional duty of 'reasonable inquiry'" and that the recording system protects bona fide purchasers who exercise "some minimum degree of carefulness" (citing *Kordecki*, 106 Wis. 2d at 719-21)).

Had a purchaser consulted the grantor/grantee index in the Calumet County Register of Deeds in this case, he would have come upon the Mortgage under the Wittmans' names. He or she would have seen that although the Mortgage listed lot 27 in the legal description, it had the street address and tax identification number for lot 26, the property owned by the Wittmans. Such a purchaser would also see from the grantor/grantee index, just as the 2005 search revealed, that while lot 26 had previously been conveyed to the Wittmans, there was no instrument conveying to them any interest in lot 27. Since the grantor/grantee index would have shown that there was no record of an instrument conveying lot 27 to the Wittmans, the prospective purchaser would have

14

necessarily concluded that the legal description of the property in the Mortgage contained a typographical error, thereby precluding purchase by such a person without at least constructive knowledge of a previous claim. Other courts, applying similar statutes, have reached the same conclusion. *See In re Gresham*, 373 B.R. 914, 923 (Bankr. W.D. Mo. 2007) ("Here, however, there are two conflicting deeds of trust in the Debtor's chain of title—both list a property with the same street address, but different legal descriptions. What's more, the legal descriptions are nearly identical. That should have put the Trustee on notice that something was awry and caused him to inquire further."); *see also Hamilton v. Washington Mutual Bank Fa (In re Colon)*, 563 F.3d 1171, 1183 (10th Cir. 2009) (holding that under Kansas law bankruptcy trustee could not use his strong-arm powers to avoid a mortgage that contained an error in the lot number of the property's legal description but correct street address and parcel identification number); *In re Taylor*, 422 B.R. 270 (Bankr. D. Colo. 200) (same applying Colorado law); *In re Rose*, 2009 WL 2226658 (Bankr. E.D.N.C. July 20, 2009) (same applying North Carolina law)

It follows from the foregoing that the Trustee cannot claim the position of a bona fide purchaser for value as to the Wittmans' homestead property. The decision of the bankruptcy court is therefore reversed.

**SO ORDERED** this ___15th___ day of January, 2013.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court